849 P.2d 114

Gary W. STORRER, Plaintiff–
Respondent,

v.

John L. RUSSO, Defendant–Appellant.

John L. RUSSO and Merrill Bean,
Counterclaimants–Appellants,

v.

Gary W. STORRER, Counterdefendant–
Respondent,

and

Westland Motor Company as an
involuntary defendant,
Defendant.

No. 19914.

Supreme Court of Idaho,
Twin Falls, November 1992 Term.

March 17, 1993.

Webb, Pedersen & Webb, Twin Falls, for defendant-appellant. Lloyd J. Webb argued.

Stephan, Kvanvig, Greenwood, Stone & Trainor, Twin Falls, for plaintiff-respondent. Richard D. Greenwood argued.

The previous opinion issued December 21, 1992, is hereby withdrawn and this opinion is substituted therefor.

## ON DENIAL OF PETITION FOR REHEARING

PER CURIAM.

This case was appealed from the judgment of the trial court. We assigned the case to the Court of Appeals, which issued an opinion affirming the judgment. We then granted Russo's request to review the decision of the Court of Appeals.

We have reviewed and considered the briefs, the record, the transcript, the exhibits, and the opinion of the Court of Appeals. We have also listened to and considered the oral arguments the parties presented to us. Based on this review and consideration, we concur with the opinion of the Court of Appeals, except in one respect.

In its opinion, the Court of Appeals stated:

> The resolution of March 14, 1985, reflecting a vote of the board of directors to unify the two classes of stock, is the conclusive document. The vote to adopt the resolution had the effect of amending the articles of incorporation. I.C. § 30–1–59.

We conclude that this was not the correct rationale upon which to uphold the trial court's decision that there was only one class of stock when the agreement between Storrer and Russo was signed. We conclude that estoppel is the correct rationale for upholding this portion of the trial court's decision. The trial court stated in its conclusions of law:

> It is further found that Russo is estopped from asserting that two classes of stock existed on October 3, 1988, or anytime following Storrer's signature on the contract. Storrer's reliance on a unified class of stock is found to be justifiable and reasonable in light of the fact that the corporation provided him with its books and records which contain the minutes of March 14, 1985, reflecting the unification of the stock.

We affirm the judgment of the trial court and award Storrer costs and attorney fees on appeal and on review. Storrer shall submit to this Court the necessary documentation pursuant to I.A.R. 40(c) and 41(d), and we will determine the amounts awarded.